IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

KEVIN FRAZER,

    Petitioner,

v.                                                                   Civ. No. 10-031 BB/RLP

ROBERT E. JALICOEUR, *et al.*,

    Respondents.

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION[1]

1.    Petitioner is a citizen of Jamaica who entered the United States on May 3, 1996. He came into custody on August 6, 2008 and is being held without bail. He contests his detention and brings this petition pursuant to 42 U.S.C. § 2241.

2.    The Government has filed a Motion to Dismiss and argues that the case is not yet ripe because no final order of removal has been issued.

3.    The "REAL ID Act of 2005 eliminated judicial review in habeas cases of a final order of removal." *Jah v. Attorney General of the United States*, 258 Fed.Appx. 394, **1 (3d Cir. 2007). Thus, "[f]ederal district courts retain habeas jurisdiction to examine statutory and constitutional basis for a detention unrelated to a final order of removal." *Id.*

4.    The issue before this Court is whether the extent of Petitioner's detention has violated his Due Process rights, not whether a final order of removal has been issued. *See, e.g., Rodrigques v. Holder*, -- F.Supp.2d --, 2010 WL 830929 (M.D. Pa. 2010) and cases

---

[1] Within 14 days after a party is served with a copy of the Magistrate Judge's Report and Recommendation that party may, pursuant to 28 U.S.C. § 636 (b)(1), file written objections in the United States District Court to the Report and Recommendation. A party must file any objections within the 14-day period allowed if that party wants to have appellate review of the Report and Recommendation. If no objections are filed, no appellate review will be allowed.

cited therein. In *Demore v. Kim*, 538 U.S. 510 (2003) the Court found that detention under 8 U.S.C. § 1226(c) was usually brief and had a definite termination and therefore was constitutional unless the custody to which a petitioner is subjected is unreasonably extended or indefinite. *Id.* at 528. The Court indicated, although did not hold, that detention lasting longer than nine months would begin to encroach on an immigrant's Due Process rights. *Id.* at 529.

5. Thus, the issue before the Court is the length of time the Petitioner has been held and the reasons therefor. Accordingly, I recommend that the Government's Motion to Dismiss be denied because it does not address the issue before the Court.

## RECOMMENDED DISPOSITION

I recommend that the United States' Motion to Dismiss for Lack of Ripeness be denied.

Richard L. Puglisi
Chief United States Magistrate Judge